IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03151-MSK-KLM

T2 TECHNOLOGIES, INC.,

    Plaintiff,

v.

WINDSTEAM COMMUNICATIONS, INC., a Delaware corporation, and
MCLEOD USA TELECOMMUNICATIONS SERVICES, LLC, an Iowa limited liability company doing business as PAETEC Business Services, LLC,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's [sic] T2 Technologies, Inc.'s Notice of Filing of Amended Pleading** [#23][1] (the "Notice"), Plaintiff's **Status Report** [#26] (the "Status Report"), and Defendants' **Motion to Dismiss** [#14] (the "Motion to Dismiss"). On February 26, 2015, the Court ordered Plaintiff to "file a status report informing the Court whether its proposed amendments to the Complaint are opposed." *Minute Order* [#24] at 2. In the Status Report, Plaintiff states that it filed the Notice [#23] and proposed Amended Complaint for Damages and Demand for Jury Trial [#23-2] (the "Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2) and that "Defendants have advised counsel for Plaintiff that Defendants do not object to the amended complaint." *Status Report* [#26] at 1. Accordingly,

    IT IS HEREBY **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#23-2] for filing as of the date of this Order.

    IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

    IT IS FURTHER **ORDERED** that Defendants' Motions to Dismiss [#14] is **DENIED**

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

**as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. Apr. 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated:  March 4, 2015